PANOLA COUNTY v. CARRIER & SON.

[42 South. Rep., 347.]

TAXATION. *Joint stock company. Corporation. Personal Assessment. Code* 1892, § 3758. *Code* 1906, § 4267.

Under Code 1892, § 3758, Code 1906, § 4267, providing for the assessment for taxation of joint stock companies and corporations other than banks, the personal property of such a company or corporation does not become exempt from taxation whenever the assessed value of its lands equals or exceeds the market value of its capital stock.

FROM the circuit court of, first district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Carrier & Son, a corporation, the appellee, being dissatisfied with the judgment of the board of supervisors approving the assessment of its personal property for taxation, appealed therefrom to the circuit court, and was the plaintiff in that court; Panola county, the appellant, being defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellee, incorporated under the laws of Mississippi, domiciled at Sardis, in Panola county, and capitalized at $60,000, was engaged in the saw mill business. On February 1, 1905, it owned, in addition to real estate, personal property which

was not returned by it for taxation. The assessor requested the appellee for a statement of its personal property with valuation, under Code 1892, § 3758, and received, not a written statement under oath, as provided for by the section, but an affidavit to the effect that appellee's personal property was not subject to taxation because the assessed value of its real estate exceeded the market value of its capital stock. The assessor nevertheless, placed the personal property upon the proper assessment roll for taxation, the market value of the capital stock, less assessment on other property, being listed thereon at $60,-000, and the total valuation of all of the personal property at $111,295. Appellee thereupon filed petition with the board of supervisors against such assessment, claiming non-liability of the personal property to taxation for the reasons mentioned in the affidavit. The supervisor's court disallowed the petition and approved the assessment. On the trial in the circuit court appellee proved without contradiction the facts alleged in its affidavit, and that its stock had no market value, and the court below ordered all items assessed against appellee stricken from the roll, except the item of "$60,000, the market value of capital stock, less assessment on other property."

The code sections are as follows:

1892, sec. 3758 (498). *Assessment of Capital Stock of Company*—The president or other officer of any joint stock company or corporation the capital stock of which is taxable, other than banks and railroads, shall, on demand, on or before the first day of June in every year, deliver to the assessor of the county in which the company or corporation is domiciled or located, a written statement, under oath, of the capital stock paid in, and its market value, and to whom each share belongs; and, on failure to furnish such statement, the tax shall be assessed on the whole capital authorized by the charter.

1906, sec. 4267. *Assessment of Capital Stock and Real Estate of Company*—All joint stock companies or corporations

organized under the laws of, and doing business in, this state, shall be assessed for taxation and be taxed as follows:   The president or other officer of any joint stock company or corporations, other than banks and railroad companies, shall, on demand, on or before the first day of June in every year, deliver to the assessor of the county in which the company or corporation is domiciled or located, a written statement, under oath, of the capital stock paid in, and its market value, and to whom each share belongs; also a statement and the market value of all real estate owned by such company or corporation; all to be as of the first day of February of the year in which such statements shall be rendered.   The capital stock of such company or corporation shall be assessed to it for taxation to the extent of the full amount of the value thereof, as shown by such statement, less the aggregate value of such real estate, which shall be deducted from the value of such capital stock, such real estate to be subject to separate assessment and taxation as other real estate is assessed and taxed.

*, Lowry & Lamb,* for appellant.

Our legislature has failed to provide any comprehensive method for assessment of corporations, such as appellee.   But the state constitution, sec. 181, provides that the property of all private corporations for pecuniary gain, banks excepted, shall be taxed in the same way and to the same extent as individuals.   Hence the property of a corporation such as appellee should be assessed just as is the property of private individuals. That is, all its land is to be assessed on the land roll, and its live stock, lumber and other personalty subject to taxation must be assessed on the personal roll; just as though the same were the property of an individual.   But in addition to this, the market or real value of its capital stock, less the assessed value of its land and of its other personal property, is liable to taxation.   Taxation of its real and its tangible personal property alone would not be taxation of all of its various elements

of value, for such would not include the value of its franchise and its property holdings of an intangible nature. The property of appellee admittedly owned by it on February 1, 1905, and consisting of live stock, lumber and other personalty shown on the roll for 1905 was liable for taxation, and the assessor was authorized in law to add such property to his roll. And the court erred in striking such assessment from the roll. *State v. Simmons,* 70 Miss., 485 (12 South. Rep., 477) ; *Adams, revenue agent,* v. *Tombigbee Mills,* 78 Miss., 676.

If the contention of appellee is sound, its property will not be taxed as the property of an individual is taxed; no private corporation for gain, which owes debts, will be liable for taxes on property if its indebtedness equals the value of the property. For the market value of the shares of capital stock of a corporation does not represent the value of its property, considered alone, but it represents the value thereof less all the debts due by the corporation.

For instance, a corporation organized with a capital stock of $100,000, paid up, for the purpose of engaging in business, invests the capital stock in personal property worth $100,-000. In the course of business losses are sustained, and are paid for in cash, the corporation still retaining the property originally bought, and in order to continue business a debt of $50,000 is incurred. If the value of the property remains the same, the market value of the capital stock would only be worth fifty cents on the dollar, not counting as of value the franchises or privileges of the corporation. Thus $50,000 in personal property would escape taxation. Again, a corporation might own in one county $100,000 worth of personal property, and nothing else, and might owe over $100,000, and for this reason the capital stock might be of nominal value, or worth nothing on the market. Then, under the scheme insisted on by the appellee, the capital stock could not be taxed, because of no value, and the personal property would escape taxation, and thus $100,000 worth of property which, if it belonged to an indi-

vidual, would be taxed, regardless of his· indebtedness, would entirely escape taxation.   This would not be taxing the property of corporations as the property of individuals is required to be taxed, and would be violative of sec. 181 of the state constitution.   And if this method of taxation were permitted by Code 1892, § 3758, or Code 1906, § 4267, the sections would at once be declared unconstitutional by this court.

In order to bring within the constitutional provisions of our state the scheme of taxation insisted on by appellee, the amount of the indebtedness owing by the corporation would have to be added to the market or fair cash value of the capital stock, and the assessed value of the real estate of the corporation be taken therefrom.

We do not contend that the appellee should be assessed with all of its tangible property and be also assessed upon the market value of all of its capital stock.   But we do contend that it should be assessed with all of its tangible property and in addition with all of the market value of its corporate stock, less the value of such tangible property.

*A. W. Shands,* for appellee.

While some question may exist as to the proper construction of Code 1892, § 3758, the plain language of Code 1906, § 4267, being the same section brought into the latter code, in new form, is the proper construction to place thereon.   And as the decision of the lower court as to the assessment of appellee was made in accordance with that construction, it cannot be held erroneous.   Counsel for appellant contend that under constitution of 1890, sec. 181, a corporation such as appellee should be assessed with all lands in its name, and all tangible property, and in addition with the value of its franchises and the market value of its capital stock; because, say they, that constitutional section requires such private corporations to be assessed in like manner as individuals.   Although the constitutional section requires property of corporations to be assessed

to the same extent as that of individuals, the assessment must be according to value, and the section is not mandatory as to the method by which valuation is to be ascertained.

If a corporation like appellee should be assessed on the day it organized, an assessment of its capital stock at par value would be the assessment of its entire property. Afterwards, when this capital has been invested in lands, fixtures, machinery, live stock and other things necessary to its uses, in case no profit nor loss the taxable value of these things would be still the par value of the capital stock. Now, if profits accrue or losses are incurred, the par value is no longer the criterion by which to ascertain the value of its taxable property. Our legislature, perceiving this, wisely provided that not par value, but market value—which is a true index to the value of all the corporation's property—should be the basis of assessment. For a sale of the capital stock, indicating its true value on the market, carries all property, real and personal, including franchises, privileges and immunities. Hence, if appellee's interpretation of sec. 181 of the constitution be correct, an assessment of a corporation based on the market value of its capital stock, is in compliance with the section, for it is an assessment of the corporation with the value of all of its property. And it is the value of property which is to be considered in assessments for taxation.

Even if, for argument's sake, it be granted that sec. 181 of the constitution refers only to the method of ascertaining value, yet the assessment of the corporation based on the valuation of its corporate stock complies with the requirements of the section. The land and personalty are but the proceeds of the money which was paid into the corporation's treasury upon issuance of its stock. The live stock or other items of personalty represent only *pro tanto* a part of the capital invested in such form. Hence, as all of the property is but the capital in different forms of investment, and determines its market value, the

assessment of the capital stock at market value will be an assessment of all of its property.

The case of *Adams* v. *Tombigbee Mills,* 78 Miss., 676, cited by appellant, is not in point, it being a case where to determine amount of assessment of the Tombigbee mills the market value of the capital stock was taken, and from this were deducted certain special exemptions, the mill being assessed with the resulting balance. But no claim is here made of exemptions. The case of *State* v. *Simmons,* 70 Miss., 485, cited by appellant, is distinguishable from the present case on the same line of reasoning, for there an effort was made to tax the capital stock of an incorporated mill, and the court held that such should be done. It was urged in defense to such action that the mill property, save that exempted, had already been assessed and taxes paid thereon, and that accordingly the capital stock should not be assessed. This court in its opinion therein stated in effect that an assessment of tangible property does not include all of the elements of value that go to make up the market value of the capital stock; that the market value of the capital stock includes the value of the franchise, privileges and immunities, in addition to its tangible property. The court accordingly held that the Mississippi mills should pay taxes on the market value of capital stock less the value of personal property owned and on which taxes had already been paid, and less the value of property exempt by legislative enactment. So that case is no authority in the one now before the court.

WHITFIELD, C. J., delivered the opinion of the court.

The principles which control this case are announced in *State* v. *Simmons,* 70 Miss., 485 (12 South. Rep., 477). Section 181 of the constitution of 1890 expressly provides that corporations of this class shall "be taxed in the same way and to the same extent" as individuals. The exception of banks by that provision emphasizes the fact that all other corporations of this class shall be taxed in the same way and to the same ex-

tent as individuals. The assessed value of all the personal property on the roll and the assessed value of the real estate should be deducted from the market value of the capital stock, thus making both real and personal property pay its share of taxes, as would be the case if they belonged to an individual, and only the excess, if any, of the market value of the capital stock would thus pay taxes. Section 4267 of the code of 1906 is not unconstitutional, but simply incomplete. It is correct as far as it goes, but it did not formulate a complete scheme. An illustration used in the brief of learned counsel for appellant very well shows the incorrectness of the opposite view. Counsel says: "For instance, a corporation organized with a capital stock of $100,000, paid up, for the purpose of engaging in business, invests the capital stock in personal property worth $100,000. In the course of business losses are sustained and are paid for in cash, the corporation still retaining the property originally bought, and in order to continue business a debt of $50,000 is incurred. If the value of the property remains the same, the market value of the capital stock would only be worth fifty cents on the dollar, not counting as of value the franchises or privileges of the corporation. Thus $50,000 in personal property would escape taxation. Again, a corporation might own in one county $100,000 worth of personal property, and nothing else, and might owe over $100,000, and for this reason the capital stock might be of nominal value, or worth nothing on the market. Then, under the scheme insisted on by the appellee, the capital stock could not be taxed, because of no value, and the personal property would escape taxation, and thus $100,000 worth of property, which, if it belonged to an individual, would be taxed, regardless of his idebtedness, would entirely escape taxation. This would not be taxing the property of corporations as the property of individuals is required to be taxed, and would be violative of sec. 181 of the constitution." A private corporation for pecuniary gain is no more en-

titled to deduct its indebtedness from its property for the purpose of taxation than is an individual.

*The judgment of the court below is reversed, and cause remanded, to be proceeded with in accordance with this opinion.*