PANOLA COUNTY *v.* CARRIER & SON.

[45 South., 426.]

EVIDENCE. *Judgment. Board of supervisors. Assessment. Corporation. Capital stock.*

A judgment of the board of supervisors approving an assessment of a corporation's property for taxation as an assessment of its taxable capital stock, cannot be shown by parol to have been intended to be a specific assessment of its other personalty.

FROM the circuit court of, first district, Panola county.

HON. JAMES B. BOOTHE, Judge.

Carrier & Son, a corporation, the appellee, appealed from an order of the board of supervisors approving an assessment of its personal property for taxation, and was plaintiff in the circuit court; Panola county, appellant, was defendant there. From a judgment in plaintiff's favor, the county appealed to the supreme court.

The plaintiff having been assessed in 1904, for state and county taxes, in the sum of $200,000 on personal property, filed a petition before the board of supervisors, in October, 1904, praying "for reduction of the assessment to the true market value of the capital stock of said corporation, less the amount of assessment of its realty." The petition did not state what this reduction would be. In December, 1904, the board of supervisors, after hearing evidence in support of the petition, and after examination of a list of personal property purporting to be all owned by the corporation on February 1, 1904, aggregating in value $52,411.49, entered an order reciting that the market value of the capital stock of the corporation, less the assessable value of its land and of its other personal property, is $55,000, and reduced the assessment to $55,000. No appeal was taken from this order.

In 1905, the county assessor added to the personal assess-

ment roll of the county the corporation's property shown on the above-mentioned list, consisting of live-stock, wagons, lumber, money on hand and indebtedness due to the corporation, aggregating $52,411.49, the assessment roll reciting that the property was assessed for *ad valorem* taxes of 1904, it having escaped taxation for said year. Whereupon, Carrier & Son, in September, 1905, by petition sought to have the board of supervisors strike such assessment from the roll on the alleged ground that "it is not properly assessed with said amount of personal property, or any other amount, for 1904, and none of this property has escaped taxation." The board of supervisors disallowed the petition, and approved the assessment; and thereupon the corporation appealed to the circuit court. The case was heard and decided by the court, a jury being waived. The above-mentioned list of personal property, showing the value of the different items of personalty, was shown in evidence. And, over the objection of the defendant, counsel for Carrier & Son testified what the order of the board of supervisors was intended to mean; affirming that the board, in assessing the $55,000, called it "capital stock," but really meant to assess, under that name, the personal property aggregating in value $52,411.49.

Carrier & Son had also been assessed on its personalty, for the year 1905 taxes, and had appealed from an order of the board approving the assessment. By agreement of parties, the circuit court heard both cases jointly, and by its judgment struck the back assessment of the corporation for the taxes of 1904 from the roll, and following the case of *Panola County* v. *Carrier & Son,* 89 Miss., 277, 42 South., 347, held the corporation liable only in part on the 1905 assessment.

This present appeal concerns only the assessment of the year, 1904. The opinion of the court further states the facts.

*Lowrey & Lamb,* for appellant.

The order of the board of supervisors, reciting that the assessment of appellee's property for taxation was the amount of the

taxable portion of its capital stock, less the combined value of its land and personalty, was a record which necessarily spoke for itself; hence parol testimony, the intent of which was to show a meaning different from the plain language of the order, was certainly inadmissible.

Moreover, inasmuch as the assessment was in the sum of $55,000, while the actual value of personalty was only $52,-411.49, it must follow that the board did not intend, by its order, to assess the personalty in specie.

Our state constitution of 1890, sec. 181, expressly provides that corporations of a class such as is appellee shall be taxed in the same way and to the same extent as individuals. And, in *State* v. *Simmons,* 70 Miss., 485, 12 South., 477, and *Panola Co.* v. *Carrier & Son,* 89 Miss., 277, 42 South., 347, this court decided that such corporations must pay taxes on such real and personal estate as they may own, in specie, and in addition pay taxes on the value of capital stock above the assessable value of realty and personalty, in specie.

*A. W. Shands,* for appellee.

The record shows that the personality owned by the appellee was $52,411.49. Although it was assessed with all of its real estate, the board added on about $3,000 more for good measure in assessment. Appellee, for the year 1904, thus paid taxes upon practically $3,000 more property than it owned. And yet, because this does not absolutely appear listed in itemized form upon the assessment roll, appellant is attempting to make appellee pay taxes thereon again. Under the decision of this court in *State* v. *Simmons,* 70 Miss., 485, the successful attempt of appellant to make appellee pay taxes, under the circumstances here shown, would be in effect double taxation of appellee.

As regards the contention of learned counsel for appellant that parol testimony is incompetent to vary the meaning of the order of the board, we say that the earnest desire of the circuit

court, sitting as court and jury, was to find the true facts, and it was proper for him to look to and examine the different items of property and by parol testimony find out exactly whether or not appellee was really liable as decided by the board.

As announced by the court in the *Simmons case, supra,* it is the intent of the law to levy a single tax upon property; and, where a corporation has not previously been assessed on the market value of its capital stock, and subsequently such assessment is made for back taxes, the corporation should be credited in such assessment with the amount of the specific personal property upon which it has already paid taxes. And it should follow that the converse of this proposition is true, especially where it is shown in evidence that the assessment of its capital stock was an assessment of the aggregate values of all of the specific articles of personal property owned by the corporation, and that the board actually added this in arriving at the market value of the property.

Argued orally by *A. W. Shands,* for the appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The judgment of the board of supervisors expressly recites that the sum of $55,000 was the amount of the taxable portion of the capital stock, less the combined value of the real estate and the other personal property. In other words, the board added the value of the personal property to the value of the real estate, and deducted both from the amount of the capital stock, and the difference was $55,000. This amount, of course, could have represented nothing else than the taxable portion of the capital stock, and not the personal property at all. It was made perfectly clear in the former case, *Panola Co.* v. *Carrier & Son,* 89 Miss., 277, 42 South., 347, and is just as clear in this one, that no personal property, in specie, ever was assessed. The list of personal property, together with its value, was shown in evidence on the hearing of the petition, the object of which petition

was to reduce the amount of the captial stock, not to have the personalty assessed in specie.   In this case learned counsel for appellee was permitted over the objection of the county, to introduce parol evidence as to what the judgment of the board heretofore referred to meant, or, to be more specific, in order to show that the board, in assessing the sum of $55,000, called it "capital stock," but really meant to assess, under that misnomer, the $52,411.49 worth of personal property.

But the judgment of the board of supervisors is perfectly clear.   There is no ambiguity to be explained, and the parol evidence, in our judgment, was incompetent, because its manifest effect was to contradict the solemn recitation of the judgment itself.   It is a little strange, too, we might say in passing, that, if the purpose of the board had been to assess the personal property in specie, it would have done so at the sum of $55,000, when the amount of the personalty was $52,411.49.   The list of the personalty, taken down at the time, showed each article and its valuation, and then showed the aggregate valuation of the personalty in specie to be. $52,411.49.   The fact, therefore, that the board put the amount, not at $52,411.49, the value of the personalty, but at $55,000, the difference between the combined valuation of the realty and personalty on the one hand and the capital stock on the other, is very strong evidence, furnished by the record itself, which is competent to show that the judgment recites the real purpose of the board.

Of course, there can be no such thing as double taxation permitted if any reasonably possible construction would avoid it; and there is no double taxation here at all.   The board has simply taxed the realty and taxed the personalty, and then taxed the difference, $55,000, between the combined value of the realty and the personalty, and the capital stock.   If, in any case, it should appear that the thing sought to be taxed in specie had already been taxed, but under an improper name, we would not allow such taxation, since that would be double taxation, and

would be permitting a mere mistake to operate an unjust burden; but we have no such case here, so far as the record discloses, and the record is the only competent evidence.

*Reversed and remanded.*