PEOPLE'S WAREHOUSE COMPANY v. YAZOO CITY.

[52 South. 481.]

TAXATION. *Corporations. Constitution* 1890, *secs.* 112, 181. *Code* 1906,. § 4267. *Tax on franchise.*

Constitution 1890, sec. 181, providing that the property of corporations shall be taxed in the same way as that of individuals, must be construed in connection with Constitution 1890, sec. 112, authorizing the legislature to provide for a special mode of assessment for corporations, and, when so construed, Code 1906, § 4267, providing that corporations shall be assessed at the market value of their stock paid in, less real estate owned, to be separately assessed as other real estate, is not invalid; and where the aggregate market value of the stock of a corporation exceeds the value of the real and personal propertey, a tax on the difference is a tax on the value of the franchise of the corporation, and is proper.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

Proceedings by the People's Warehouse Company, appellant,. against Yazoo City, appellee, to review an assessment for municipal taxes. From a judgment affirming the assessment, the warehouse company appealed to the supreme court. The facts,. as stated by ANDERSON, J., are as follows:

"This is an appeal to the circuit court by the People's Warehouse Company from an order of the municipal authorities of Yazoo City assessing the property of the warehouse company for municipal taxes. There was a trial before the judge, a jury being waived, and a judgment rendered affirming the order of the mayor and board of aldermen, from which judgment this appeal is prosecuted. The trial was had on agreed facts as follows: 'The People's Warehouse is a corporation, organized and existing under the laws of the state of Mississippi, domi-

·ciled at Yazoo City, Miss., the paid-up capital stock being $160,000, divided into 16,000 shares, of the par value of $10 each; that the shares of said stock are worth on the market in Yazoo City on October 1, 1908, $11 a share, or $176,000; that on the 1st day of October, 1908, the date of assessing property under the ordinances of Yazoo City, Miss., said corporation owned and possessed personal and real property of the market value of $140,000, all situated in Yazoo City, Miss., and owned no other property, except its charter under the general laws of the state of Mississippi, unless its earning power, good will, and ·established business shall be considered by the court as property subject and liable to assessment and taxation. It is further agreed that the assessment of said corporation by Yazoo City was regular under the ordinances of Yazoo City and the laws of the state of Mississippi; that the board assessed the real and personal property at the sum of $140,000, and assessed the market value of the capital stock paid in at $160,000 less said $140,000, the real and personal assessment; but the said corporation does not admit the validity or constitutionality of said assessment. It is further agreed that said corporation has paid under protest to the tax collector of Yazoo City the taxes levied in said assessment of $160,000 for the year 1908, and if the ·court shall determine that said assessment is invalid, in whole or in part, said city will refund to said corporation the taxes on the excess as fixed by the court. The court herein means circuit court of Yazoo county, if the judgment of said circuit court shall not be appealed from to the supreme court, in which event the said court shall mean supreme court. It is further agreed that the charter of said corporation shall be and is hereby made a part of this agreement, and may be read on the hearing of this cause, but need not be copied in the transcript of the record on appeal to the supreme court. It is further agreed that the ordinances of Yazoo City providing for the

assessment of corporations is the same as section 4267 of the
Mississippi Code of 1906, except that the date of assessment
is October 1st, instead of February 1st, and that the same was
regularly passed, and that the said corporation made a full
statement of all its assets to said board, although no demand
therefor was made under the law; the representative of said
corporation admitting in said meeting that the market value of
the capital stock paid in was eleven dollars per share or $176,-
000.' "

*Williams & George,* for appellant.

In the case of *Panola County v. Carrier & Son,* 89 Miss. 277,
this court has decided that the assessment scheme for corpora-
tions and general stock companies in force in Mississippi, and
it is the same in Yazoo City, is not unconstitutional, but was
incomplete; that under the constitution, and under Constitution
1890, sec. 181, the real and personal property of a corporation
must be assessed as that of an individual would be, that is, ac-
cording to its true value.

The distinguished chief justice who rendered that opinion
stated that the "assessed value of all the personal property on
the roll, and the assessed value of the real estate should be
deducted from the market value of the capital stock thus mak-
ing both the real and personal property pay its share of taxes,
as would be the case if they belonged to an individual, and
only the excess, if any, of the market value of the capital stock
would thus pay taxes."

The court held in the *Carrier case,* and in the case of the
*State v. Simmons,* 70 Miss. 485, that the property of corpora-
tions was to be taxed just as the property of individuals.

Our position and contention is based upon the language of
the constitution, and the logic of the *Carrier case,* notwithstand-
ing the statement made by the distinguished chief justice that

the excess, if any, of the market value of the capital stock should be assessed. In this instance there is absolutely no proof that this corporation possessed any property, any right, any franchises of value except the real and personal property of the value of one hundred and forty thousand dollars, and we submit with great confidence that the assessment of the capital stock at one hundred and sixty thousand dollars, in the face of the proof, and the agreement that all of its assets were worth only one hundred and forty thousand dollars, was excessive and void.

Counsel for appellee contend that it makes no difference what is the value of the property owned by a corporation, that the value of the property, real and personal, owned by the corporation is to be deducted from the market value of the capital stock, and if there is any excess, it has to be assessed. We contend that all that can be assessed against the corporation, or an individual, is the true market value of the property owned by it.

The appellant is engaged in the business of warehousing and compressing, and by reason of its good will, and its excellent business management, although it has property to the value of only one hundred and forty thousand dollars, its capital stock and shares of capital stock were worth on the market at the time this assessment was made, the sum of eleven dollars per share, or one hundred and sixty-seven thousand dollars for the entire capital stock. The agreement is, that all of the property owned by said corporation is worth only one hundred and forty thousand dollars, and that it has no other property except its charter under the general laws of the state of Mississippi, unless its earning power, good will and established business shall be considered by the court as property, subject and liable to assessment and taxation.

We apprehend that there will be no discussion of the proposition that under the constitution of the state of Mississippi,

the property of a corporation is assessed just exactly as it would be if it were owned by a private individual.

It is a poor rule that does not work both ways. Under the *Carrier case* the supreme court has decided, and rightly we think, that regardless of the value of the capital stock; regardless of what its worth is on the books of the company, under the constitution of the state of Mississippi, a corporation must be taxed just exactly as a private individual would be, on all of its property, real and personal, and that if the capital stock were not worth anything, to use the illustration made by the counsel in that case, and quoted approvingly by the court, and the corporation own assets to the value of one hundred, or one hundred and fifty thousand dollars, yet that corporation with its capital stock worth nothing, owning possibly all of its property, real and personal, regardless of the financial condition of the corporation. We say that is right, and we also say that the reverse of that proposition is true, and is bound to be true under the constitution of Mississippi.

If it makes no difference how valueless the capital stock of a corporation is; whether it is worth fifty cents on the dollar, or nothing, it is to be assessed with the value of its property, regardless of the value of its capital stock, then logically it makes no difference what the value of the capital stock of a corporation may be, how valuable it may be, it can only be assessed with what it owns, the real and personal property and franchises, if of any value.

*Holmes & Holmes,* for appellee.

In making the assessment complained of the city complied literally with this ordinance. It assessed and listed separately all the real and personal property of the corporation at $140,000. This is agreed to and not complained of. The council then assessed the value of the capital stock paid in at

$160,000 less $140,000, the real and personal assessment;. that is, the council assessed at $20,000 the excess of the market value of the capital stock over the aggregate real and personal assessment, and this action is complained of and assigned as error. But let it be understood that the appellant does not deny that the market value of the capital stock paid in exceeds by $20,000 the value of its real and personal property separately assessed. In fact, it admitted to the council and solemnly agreed in the court below and agrees here that the market value of the capital stock paid in was $176,000, or an excess of $36,000. The appellant does not complain because the excess was assessed at only $20,000 instead of $36,000, but it complains that there was assessed any excess at all. It contends that when the city had assessed the real and personal property, it should have stopped and not assessed the capital stock at all; that the council should have disregarded the plain mandate of the law, when it says: "The capital stock of such company or corporation shall be assessed to it for taxation to the extent of the full amount of the value thereof, as shown by such statement, less the aggregate value of such real estate, which shall be deducted from the value of such capital stock, such real estate to be subject to separate assessment and taxation as other real estate is assessed and taxed."

In the case of *Panola County v. Carrier & Son,* 89 Miss. 277, 42 South. 347, this court has outlined how corporate property and capital stock shall be assessed, so as to conform to both section 181 of our constitution and section 4267 of the Code of 1906. It shall be done in this way: All real and personal property shall be separately assessed "in the same way and to the same extent as the property of individuals." Then, the capital stock shall be assessed to the extent of the full amount of the market value thereof less the aggregate value of its real and personal assessment. And the court expressly holds that sec-

tion 4267 is constitutional. Chief Justice WHITFIELD, who delivered the opinion of the court, said: "The assessed value of all the personal property on the roll and the assessed value of the real estate should be deducted from the market value of the capital stock, thus making both real and personal property pay their shares of taxes, as would be the case if they belonged to individuals, and only the excess, if any, of the market value of the capital stock would thus pay taxes. Section 4267 of the Code of 1906 is not unconstitutional, but simply incomplete. It is correct as far as it goes, but it did not formulate a complete scheme."

The warehouse company admits that it is only taxed the excess of the market value of its capital stock over its real and personal assessment, but claims that this is illegal because section 181 of the Constitution requires corporate property to be assessed in the same way and to the same extent as that of individuals, and it insists that this section forbids the legislature from assessing the capital stock at all. It says that the capital stock of a corporation like this can have no value apart from the particular species of property, real and personal, owned by the corporation. But it overlooks the fact that the capital of a corporation or joint-stock company is one thing and its capital stock quite another and different thing. The capital, or property in which the capital is invested, belongs to the corporation, while the capital stock belongs to the share holders. One is corporate property, the other individual property. The interest or property of a stockholder in an incorporated company is commonly called a "share" and the shares in their aggregate are called the "capital stock." This capital stock is an entirely different thing from the moneyed capital of the company held and owned by the corporation, which may consist of cash, bills and notes, or of real estate combined with these or the whole may be invested in United States bonds.

*People's National Bank v. Marye,* 107 Fed. 570; *First National Bank v. Commonwealth,* 9 Wall. 353, 19 Law. Ed. 701.

In *Bank v. Oxford,* 70 Miss. 504, a part of the capital of the bank was invested in United States bonds, but our court held that in reporting its capital stock for taxation, the bank must give it in at its market value and was not entitled to deduct therefrom the amount of its assets invested in non-taxable securities. *American Glue Co. v. Commonwealth,* 195 Mass. 528, 81 N. E. 302, 122 Am. St. Rep. 268; *Coal Co. v. Alleghany Co.,* 59 Md. 185; *Halsey v. Ensley,* 82 N. E. 809; *Adams v. Bullock,* 47 South. 527; *Commonwealth v. Cary Improvement Co.,* 98 Mass. 19.

The capital stock of a corporation and the shares in a joint stock company represent not only the tangible property, but also the intangible, including therein all corporate franchises and all contracts, privileges, and good will of the concern.

The value which property bears in the market, the amount for which its stock can be bought and sold, is the real value. Business men do not pay cash for property in moonshine or dreamland. They buy and pay for that which is of value in its power to produce income, or for purposes of sale.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

It is insisted that section 4267 of the Code of 1906 is violative of section 181 of the Constitution, because it provides for the taxation of the property of private corporations for pecuniary gain in a different way from and to a greater extent than the property of individuals. That section and section 112 of the Constitution are to be construed together in determining the question involved. Section 181 provides that "the property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of

individuals," and section 112 that taxation shall be uniform and in proportion to true value, that property shall be assessed for taxes by general laws and uniform rules, according to true value, "but the legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property." Section 4267 of the Code provides that corporations organized under the laws of this state, shall be assessed for taxation at the market value of their shares of stock paid in, less real estate owned, to be separately assessed as other real estate. Section 178 of the Constitution provides for the taxation of corporate franchises.

The cases of *Panola County v. Carrier & Son,* 89 Miss. 277, 42 South. 347, and *State v. Simmons,* 70 Miss. 485, 12 South. 477, are decisive of the constitutionality of section 4267. The requirement of section 181 that the "property of private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of private individuals" must be construed in connection with the power given the legislature in section 112 to "provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property." By section 4267 of the Code the legislature has undertaken to carry out the grant of power conferred by section 112 by providing a special mode of valuation and assessment of private corporations for a pecuniary gain. Where the aggregate market value of the shares exceeds the value of the real and personal property, as it does in the instant case, it is contended that a tax on this difference is a tax on thrift and earning capacity, which is violative of section 181 of the Constitution, because no such tax is levied against individuals. Such contention is unsound. This difference represents the value of the right of the corporation to exist, which is a franchise incident to all corporations, and of value, and constitutes part of its property; and this is true, notwithstanding the corporation is chartered under general laws at small expense.

Touching the value of this franchise, we quote with approval the following by the supreme court of Massachusetts in the case of *Commonwealth v. Cary Improvement Co.,* 98 Mass. 19: "The defendants contend, further, that the franchise of a mere land company cannot be said to possess any value beyond that belonging to the property of the corporation; that in these cases the market value of the shares was fictitious and speculative only, and greatly in excess of all property and rights belonging to the corporation, and therefore that, even as a franchise tax, this, as imposed upon these defendants, is an unreasonable tax, in a sense obnoxious to the limitation of the Constitution. We cannot accede to the premises upon which this argument is founded. The franchise of a mere land company has a value beyond that belonging to the property itself. The combination of capital, the capacity to hold and manage large amounts of real estate under one direction, free from competition among those interested, from change by death and disturbance by the chances of individual life, whereby the ultimate development and gradual sale may be secured in the most advantageous manner possible, and many other considerations which readily suggest themselves, make the privilege of a corporate organization in such cases one of great value and importance. The very magnitude of the entire estate, when held in individual hands, will depress its gross value in the market; while under corporate ownership and management, the separate shares, which give to the holder the assurance of participation in the future development and appreciation of the property, will command a much higher proportionate price. The convenience with which the interests of the several shareholders are held, and the facility of the transfer of the shares, are elements of great influence in giving value to the capital stock. And we are not prepared to say that even a merely speculative value, conferred upon stock by the advantages of its corporate character

and the privileges thereto pertaining, may not afford a proper basis for the imposition of a tax like this."

And from *Adams Express Company v. Ohio,* 166 U. S. 185, 17 Sup. Ct. 604, 41 L. Ed. 965: "It is a cardinal rule, which should never be forgotten, that whatever property is worth for the purpose of income and sale it is also worth for the purpose of taxation. Suppose an express company is incorporated to transact business within the limits of the state and does business only within such limits, and for the purpose of transacting that business purchases and holds a few thousand of dollars' worth of horses and wagons, and yet it so meets the wants of the people dwelling in that state, so uses the tangible property which it possesses, so transacts business therein, that its stock becomes in the markets of the state of the actual cash value of hundreds of thousands of dollars. To the owners thereof, for the purpose of income and sale, the corporate property is worth hundreds of thousands of dollars. Does substance of right require that it pay taxes only upon the thousands of dollars of tangible property which it possesses? Accumulated wealth will laugh at the crudity of taxing laws which reach only the one and ignore the other, while they who own tangible property not organized into a single producing plant, will feel the injustice of a system which so misplaces the burden of taxation. \* \* \* The value which property bears in the market, the amount for which its stock can be bought and sold, is the real value. Business men do not pay cash for property in moonshine or dreamland. They buy and pay for that which is of value in its own power to produce income or for purpose · of sale."

Applying these principles to the case in hand, the $20,000 the difference between the aggregate value of the shares, and the value of the real and personal property, is the value fixed by law of the franchise of this corporation.

*Affirmed.*