THOMPSON *v.* CRAIG, STATE TAX COLLECTOR.

(In Banc.   March 27, 1944.)

[17 So. (2d) 439.   No. 35559.]

E. H. Ratcliffe, of Natchez, and **Hudson, Potts, Bernstein & Snellings,** of Monroe, La., for appellant.

**W. W. Ramsey,** of Vicksburg, and **Forrest B. Jackson,** of Jackson, for appellee.

Argued orally by **Fred Hudson**, for appellant, and by **Forrest B. Jackson**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

On August 12, 1942, the State Tax Collector gave notice to the State Tax Commission that a locomotive engine owned by the Missouri Pacific Railroad Company had escaped taxation for the years 1939-1941 inclusive. 7 Miss. Code 1942, Section 9184 (Code 1930, Section 6991). The State Tax Commission thereupon entered a tentative assessment but gave notice thereof to the railroad company pursuant to 7 Miss. Code 1942, Section 9852 (Code 1930, Section 3226, as amended). At the hearing on the assessment the State Tax Commission entered an order adjudging "that since said locomotive had already been included in the assessments for the years in question, the said tentative assessment as made by this Commission . . . is hereby canceled, set aside and disapproved." The order further recited that the engine had been leased to the Natchez & Southern Rail-

way Company and that the assessment was against it. Upon appeal to the circuit court this order was reversed and the assessment and valuation fixed, whence the appeal here.

The Natchez & Southern Railway Company operates 2.75 miles of main track in Adams County. It owns certain side tracks, realty and equipment, and requires and uses only a single locomotive in its switching and other operations. The Missouri Pacific Railroad Company was voluntarily dismissed as a party, as were all other parties except the Natchez & Southern Railway Company. The status of such company as being operated by Guy A. Thompson, bankruptcy trustee, is noted but not further discussed. This appeal therefore concerns only the interest of the latter company.

The position of the Tax Collector may be summarized as including the following contentions: The tax schedules provided for railroads by 7 Miss. Code 1942, Section 9826 (Code 1930, Section 3201) must include "the number of engines and their respective value;" that by a letter from the real estate and Tax Commissioner for the railroad it had conceded that the engine in question had not been fully taxed for ad valorem taxes for the years in question; and that the engine had not in fact been included in the returns for assessment. There are other points provocative of extended argument but it is conceded by the State Tax Collector that the sole contention is whether the ad valorem taxes upon said engine have been assessed and paid.

The contention of the railway company is that the locomotive was shown upon the schedules returned and that the consequent assessment by the Tax Commission is presumed to have taken it into account; and that the Commission did in fact take it into consideration and so adjudged by its order. The reply of the Tax Collector is that such alleged facts were not provable by parol testimony as was here attempted. To the contention that the engine was shown and valued in the schedules under the heading

"Equipment: Steam locomotive," the Tax Collector replies that its valuation as shown for the year 1937 in its report to the Interstate Commerce Commission (an abstract of which is filed as part of the schedules) showed "minus $6,886," apparently a bookkeeping device which showed an accumulated depreciation credit. It is further asserted that 7 Miss. Code 1942, Section 9826, requires the return of all property 'owned' by the railroad and that therefore the engine in question being leased by the taxpayer was not to be included in its schedules either in fact or by inference. However, 7 Miss. Code 1942, Section 9835, (Code 1930, Section 3209), is cited to show that all property "owned, leased and/or operated" must be included in the schedules or returns.

These contentions bring into view such cases as Illinois Cent. R. Co. v. Miller, 141 Miss. 223, 106 So. 636, 641, wherein it is stated: "When an assessment is made on returns made in accordance with the statutes, we must construe the assessment to contain all the items brought to the attention of the Railroad Commission by the returns made, considering them as being integrated into the assessment." In holding that an assessment so made is conclusive, the court adverted to and approved the practice of assessing railroads on a unit basis.

In this connection attention is called to said Section 9226 which requires returns to be made "on forms prescribed and furnished by the State Tax Commission." It was upon such forms that the returns were here made. The prescribed schedules direct that all rolling stock shall be included in the columns designated "First main track" and "side track," and the valuation per mile is fixed at $14,000. It is argued that such valuation necessarily presupposes an operating railroad and that such operation in turn assumes the use of at least one engine and that the listing of a valuation in the accompanying schedules under the heading "steam locomotive" puts such disclosure beyond cavil. To support an inferential disclosure appellee cites Yazoo & M. V. R. Co. v. Adams,

85 Miss. 772, 38 So. 348, wherein it is held that since it was the duty of the assessors to take the value of the franchise into account, it would be conclusively presumed that they did so. Adams v. Clarke, 80 Miss. 134, 31 So. 216, is cited by appellant to support his view that a deliberate undervaluation may not support an acceptance of an assessment as res adjudicata. However, the assessors there being unaware of the facts, were held not to have been precluded. Such is, of course, the rule when fraud is present.

Darnell v. Johnston, 109 Miss. 570, 68 So. 780, and Gully v. Newman Lbr. Co., 176 Miss. 48, 164 So. 891, 168 So. 258, are argued by both parties as illustrative of their respective views. We mention the foregoing authorities, not to apply them to the facts here, but to acknowledge the several contentions upon the issue whether the engine here involved was necessarily or inferentially included or excluded.

Clearly the purpose of Section 9826 is to effect a complete disclosure of all taxable property. As a means to this end the forms of the schedules are required to be prescribed and furnished by the Tax Commission. It is to it that the statute is chiefly directed. In compliance with their duty and to effectuate this purpose the Tax Commission supplied forms which revealed at least one locomotive and which required that all rolling stock be included under the valuation of track mileage which it assessed as a unit of a going concern. We need not examine the conclusive effect of the assessment in the light of inferences or presumptions, as plausible as the appellant's position on this point may be.

One of the witnesses for the appellant was W. H. Wallace, who qualified as a non-partizan valuation and appraisal expert. He testified that he was entirely familiar with the railroad and its property and had examined and valued it for the Tax Commission. He testified that he knew of the engine in question and had reported its existence and value to the Tax Commission. His testimony

is not made incompetent by Panola County v. Carrier & Son, 92 Miss. 148, 45 So. 426, where the oral testimony was not, as here, adduced to support the assessment, but to attack it. We shall not pause to discuss the purpose of the return as a disclosure of the taxpayer's property and the effect of such disclosure otherwise made, nor the relevancy of 7 Miss. Code 1942, Section 9825 (Code 1930, Section 3200), and 7 Miss. Code 1942, Section 9828 (Code 1930, Section 3203), which authorize the commission to prepare or amend the schedules. Nor would we lend encouragement to any informal procedure which would lessen the duty to employ the prescribed forms for a complete discovery of taxable property. Our concern is directed solely to an examination whether the particular engine was assessed and taxes paid thereon for the years mentioned. Or, as expressed in Illinois Cent. R. Co. v. Miller, supra, whether "the assessment returned by the railroad reflected all of the things contemplated in the return required to be made." Preclusion of the effect of the recitals in the returns is justified by the fact that the end sought to be effected by the schedules was made manifest by the testimony that the attention of the Commission had been actually called to the use and possession of the engine by the taxpayer, and by the solemn disclosure of the Tax Commission in its order that it had been taken into account, had been assessed and the taxes paid thereon. To disregard this finding would be to compel the Commission consciously to impose double taxation—a result whose avoidance is as much its duty as is its responsibility to assess it in the first instance.

The cause will be reversed and judgment entered here for appellant.

Reversed and judgment here for appellant.